UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

YOSUF HOTEP-EL,

    Plaintiff,

v.                                   CAUSE NO.: 3:22-CV-790-DRL-MGG

STATE OF INDIANA *et al.*,

    Defendants.

OPINION AND ORDER

Yosuf Hotep-El, a prisoner without a lawyer, filed an amended complaint against the State of Indiana and various prison officials. (ECF 4.) As required by 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Hotep-El is proceeding without counsel, the court gives his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Hotep-El's original complaint was stricken because he did not use the court's approved prisoner complaint form and did not set forth any plausible federal claim in sufficient detail. The court directed him to use the form when filing an amended

complaint and even sent him the form he should use. He did not follow the court's instructions. His filing is not on the form that was sent to him nor does it track the form. *See* N.D. IND. L.R. 7-6 (court can require litigants representing themselves to use clerk-supplied complaint forms). It also does not state a viable federal claim.

As with his original complaint, much of his filing consists of jargon related to his rights as an adherent of the "Moorish Divine and National Movement." He claims that he is being "held captive" at the South Bend Community Reentry Center. Any claim that he is a sovereign citizen entitled to special rights or not subject to laws of general applicability is patently frivolous. *Jones-Bey v. State*, 847 F.3d 559, 559–61 (7th Cir. 2017); *United States v. Benabe*, 654 F.3d 753, 767 (7th 2011).

He also appears to claim that the defendants violated Indiana Department of Correction (IDOC) policy by failing to award him an education credit. A breach of IDOC policy or other state law cannot form the basis for a claim under 42 U.S.C. § 1983. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations"). He invokes the *ex post facto* clause, but this clause relates only to laws that are "both retroactive and penal." *Koch v. Vill. of Hartland*, 43 F.4th 747, 748 (7th Cir. 2022). An IDOC policy governing the application of education credits would not meet that definition.[1] Additionally, to the extent he is challenging the length of his sentence or arguing that he

---

[1] To the extent he is invoking due process principles, the Seventh Circuit has held that the Indiana law governing prison educational programs does not create a protected liberty interest for prisoners who complete these programs. *Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000).

is entitled to release from custody, his sole remedy lies in habeas corpus. *Preiser v. Rodriguez,* 411 U.S. 475, 488 (1973); *Glaus v. Anderson*, 408 F.3d 382, 387 (7th Cir. 2005).

Ordinarily, the court should afford an unrepresented litigant an opportunity to cure his defective pleadings before dismissing the case. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024-25 (7th Cir. 2013). However, that does not mean leave to amend always must be given. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id*. Mr. Hotep-El has already been afforded one opportunity to amend his complaint, and he did not follow the court's instructions when he filed his amended complaint. Additionally, his amended complaint suffers from many of the same deficiencies as the original. The court finds no basis to conclude that if given another opportunity, he could assert a plausible federal claim, consistent with the allegations he has already made.

Therefore, this case is DISMISSED under 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted. The clerk is DIRECTED to close this case.

SO ORDERED.

January 3, 2023                                           *s/ Damon R. Leichty*
                                                          Judge, United States District Court